Justin P. Stalpes
BECK, AMSDEN & STALPES, PLLC
1946 Stadium Dr., Suite 1
Bozeman, Montana 59715
Tel:   (406) 586-8700
Fax:   (406) 586-8960
justin@becklawyers.com

GALLATIN ~~COUNTY~~ CLERK
DE~~~~~ ~~~~~ COURT
JE~~~~~ ~~~~~SON

2018 OCT 31   PM 4: 32

FILED

BY_____ MS DEPUTY

*Attorneys for Plaintiff*

\* \* \* \* \* \* \*

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
## GALLATIN COUNTY

\* \* \* \* \* \* \*

| MARJORIE QUIROS and CORY LEINWEBER | Cause No: DV-18-1162A |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |
| v. | |
| JESSICA PIERCE; and ALLSTATE CASUALTY INSURANCE COMPANY, | 2 Summons Issued |
| Defendants. | |

Plaintiffs, through counsel, bring this action against Defendants and allege as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Marjorie Quiros was, at all times relevant to this action, a resident of Gallatin County.

2.      Plaintiff Cory Leinweber was, at all times relevant to this action, a resident of Gallatin County.

3.      Defendant Jessica Pierce was, at all times relevant to these claims, a resident of Gallatin County.

4.      Defendant Allstate Casualty Insurance Company ("Allstate" sometimes herein) is an insurance company licensed and authorized to conduct business as an insurance company in the state of Montana.

5.      This Court has jurisdiction over the parties and the subject matter of this action including because the damages complained of occurred in Gallatin County, Montana. Venue properly lies in the Eighteenth Judicial District of Montana, Gallatin County.

## II. ALLEGATIONS COMMON TO ALL COUNTS

6.      On April 16, 2017, at approximately 5:35 p.m., Plaintiff Marjorie Quiros was stopped at the intersection of Norris Road and River Road preparing to turn left.

7.      At the same time, Defendant Jessica Pierce was also heading east on Norris Road (MT 85) behind Ms. Quiros.

8.    Defendant Jessica Pierce failed to notice Ms. Quiros's stopped vehicle and slammed into the rear of the vehicle at highway speed.

9.    The posted speed limit at the scene of the collision was 60 miles per hour.

10.    The force of the impact slammed Ms. Quiros's body backward into the driver's seat and headrest, and then forward, causing pain to Ms. Quiros's neck, right shoulder and lower back.

11.    Ms. Quiros sought treatment at Bozeman Deaconess Hospital Emergency Department. She had injuries including to her neck, right shoulder, and lower back.

12.    Defendant Jessica Pierce was cited for careless driving.

13.    As a result of Defendant Jessica Picrce's negligence in causing the collision, Plaintiff suffered injuries and damages, including but not limited to, physical injuries, medical expenses, pain and suffering, anxiety and emotional distress, lost wages, loss of enjoyment of lifestyle, loss of use of the vehicle, and other damages, both past and future.

14.    Ms. Quiros is not contributorily or comparatively negligent nor responsible for the collision.

15.    As a result of the collision, Ms. Quiros has incurred to date approximately $36,788.09 in past medical expenses. Treatment is ongoing.

16.    As a result of the collision, Ms. Quiros has incurred at least$13,395 in wage loss. Damage to Ms. Quiros's earnings capacity continues.

17.    As a result of the collision, Ms. Quiros suffered both physical and mental injuries. The shock of this collision caused Marjorie to have nightmares, uncontrollable crying, and anxiety about leaving the house and driving an automobile. Marjorie also became very depressed with the loss of her active lifestyle. Marjorie was very active with CrossFit and she made and kept up with many of her friends through that activity. The collision not only prevented her from doing the exercise that she enjoyed, but it also robbed her of her social life and identity.

18.    Ms. Pierce is insured by State Farm and carries $100,000 in liability insurance.

19.    Ms. Quiros and Mr. Leinweber are insureds under Policy #0452077142 RKM issued by Allstate. Mr. Leinweber is the named insured.

20.    Pursuant to Allstate Policy #0452077142 RKM, Ms. Peirce was driving an Uninsured Auto, which is defined as "a motor vehicle covered by a bond or insurance policy which provides at least the minimum financial security requirements of the state in which your insured auto is principally garaged, but the limits are less than the damages the insured person is legally entitled to recover."

21.    Allstate Policy #0452077142 RKM provides at least $50,000 in Uninsured motorist coverage which Plaintiffs' are entitled to recover.

22.    Plaintiffs are also entitled to medical payments coverage under the Allstate Policy.

23.    On September 18, 2018, Plaintiffs requested that Allstate pay all applicable policy limits or provide a detailed explanation as to why it will not pay. Exh. 1.

24.    Allstate refused to make any payments to its insureds.

### III. COUNT ONE – NEGLIGENCE PER SE
### (Against Defendant Jessica Pierce)

25.    Each and every allegation set forth in this complaint is incorporated herein by reference.

26.    Defendant Jessica Pierce had a duty to operate her vehicle in a safe and prudent manner, to obey the rules of the road, and to avoid driving in a distracted, inattentive or careless manner.

27.    Defendant Jessica Pierce was legally obligated to comply with §§ 61-8-302, MCA.

28.    Section 61-8-302, MCA was enacted to protect classes of individuals including Ms. Quiros.

29.    Section 61-8-302, MCA is intended to regulate individuals including Defendant Jessica Pierce.

30.    Defendant violated §§ 61-8-302, MCA, causing injury, harm, and damages to Ms. Quiros.

31.    As a direct result of Defendant Jessica Pierce's negligence, Plaintiff has suffered damages, including, but not limited to, physical injuries, medical expenses, pain and suffering, anxiety and emotional distress, lost wages, loss of enjoyment of lifestyle, loss of use of the vehicle and other damages, both past and future.

32.    Defendant Jessica Pierce was negligent as a matter of law in causing the subject collision and resulting harms, injuries, and damages to Ms. Quiros.

## IV. COUNT TWO – NEGLIGENCE
### (Against Defendant Jessica Pierce)

33.    Each and every allegation set forth in this complaint is incorporated herein by reference.

34.    Defendant Jessica Pierce had a duty to operate her vehicle in the manner of a reasonable person in the same or similar circumstances. This included operating her vehicle in a safe and prudent manner, obeying the rules of the road, and not driving a distracted, inattentive or careless manner.

35.    Defendant Jessica Pierce breached this duty of care by operating her vehicle in a careless manner, not obeying the rules of the road, not following other vehicles at a safe distance, and driving at highway speed into another vehicle.

36.    Defendant Jessica Pierce breached her duty of care owed to others, including Ms. Quiros.

37.    Defendant Jessica Pierce's actions and inactions harmed Ms. Quiros and caused her injuries and damages.

38.    As a direct result of Defendant Jessica Pierce's negligence, Plaintiff has suffered damages, including, but not limited to, physical injuries, medical expenses, pain and suffering, anxiety and emotional distress, lost wages, loss of enjoyment of lifestyle, loss of use of the vehicle and other damages, both past and future.

39.    Defendant Pierce is liable to Ms. Quiros for the harms, injuries, and damages caused by the subject collision.

## V. COUNT THREE – DECLARATORY RELIEF
### (Against Defendant Allstate)

40.    Each and every allegation set forth in this complaint is incorporated herein by reference.

41.    A current controversy exists between the parties regarding the proper interpretation and application of the Policy's coverage provisions.

BECK, AMSDEN & STALPES, PLLC
*COMPLAINT FOR DAMAGES*
Page 6

42.     Pursuant to the Uniform Montana Declaratory Judgments Act, §27-8-101 *et seq.*, M.C.A., Plaintiffs are entitled to a declaration of rights under the Allstate Policy.

43.     Plaintiffs also request supplemental relief as permitted by the Uniform Montana Declaratory Judgments Act, including an award of attorneys' fees and costs.

## VI. COUNT FOUR – BREACH OF CONTRACT
### (Against Defendant Allstate)

44.     Each and every allegation included in this Complaint is incorporated by reference.

45.     Plaintiffs and Defendant entered into an insurance contract.

46.     Defendant breached the contract by failing to pay the limits of Underinsured motorist and other insurance available under the insurance contract.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs requests judgment as follows:

1.     For a reasonable sum of money to fully compensate Plaintiff for all her harms, injuries, and damages arising out of Defendants' negligence;

2.     For attorney fees and costs;

3.     For a declaration that Plaintiffs are entitled to the $50,000 Uninsured Motorist Coverage provided by the Allstate Policy;

4.  For a judgment establishing Allstate's breach of contract; and

5.  For such other and further relief as is deemed just and equitable.


DATED this 31st day of October 2018.


BECK, AMSDEN & STALPES, PLLC

Justin P. Stalpes, Esq.
1946 Stadium Dr., Suite 1
Bozeman, MT  59715

*Attorneys for Plaintiffs*